Elsie Bush Richardson v. Commissioner.
Richardson v. Commissioner
Docket No. 3857-70 SC.
United States Tax Court
T.C. Memo 1971-100; 1971 Tax Ct. Memo LEXIS 232; 30 T.C.M. (CCH) 399; T.C.M. (RIA) 71100; May 10, 1971, Filed Elsie Bush Richardson, pro se, 411 - 9th Elsie Bush Richardson, pro se, 411 - 9thave., West Hendersonville, N.C.J. Randall Groves, for the respondent. JOHNSTON Memorandum Findings of Fact and Opinion JOHNSTON, Commissioner: The respondent determined a deficiency in petitioner's Federal income tax for 1967 in the amount of $343. The issue is whether petitioner is entitled to deductions, for three minor children who were in her custody during the taxable year, under the provisions of section 152(e). [1]
*233 Some of the facts have been stipulated and those facts are so found. Petitioner resided in Hendersonville, North Carolina when she filed the petition in this case. Prior to October 12, 1959, the petitioner was married to Charles O. Richardson, Jr., who is the father of the petitioner's three children. On or about October 12, 1959, the petitioner was divorced from Charles. During the taxable year 1967, the petitioner lived in Hendersonville, N.C. with her three children, Lorraine, Karen and Christopher aged 13, 11 and 9 years, respectively. The petitioner had custody of the three minor children during the taxable year for whom Charles made child support payments in the total amount of $2,100 to the Atlanta Legal Aid Bureau. These child support payments were allocated $700 to each of the petitioner's children and were transmitted by the Atlanta Legal Aid Bureau to the petitioner. Petitioner in her return claimed a dependency exemption for each of the three children and reported the receipt of gross wages from her employer in the amount of $3,489.14. There were withheld from her gross wages as Federal insurance contribution taxes, North Carolina income taxes and Federal income taxes *234 amounts of $149,89, $35.28 and $220.97, respectively. After withholding taxes, the petitioner received net wages from her employer in the amount of $3,083. In 1967 the petitioner borrowed the sum of $1,600 from her sister and applied it as a down payment on a house. She also made purchase payments on the house of $85 a month and paid city and county property taxes in the amounts of $58.56 and $72.03, respectively, and made an insurance premium payment of $39 for insurance coverage on the house. The petitioner expended for the maintenance of her home and appliances the total amount of $63.45 and for medical and dental care the sums of $60, $108 and $5 for the benefit of Karen, Christopher and Lorraine, respectively. She also purchased health insurance covering the children and paid the premium of $83.35. In addition, she paid $6.00 for school health insurance. The parties have stipulated that the following expenditures have been made for the support of the children: Lorraine $426.75, Karen $481.75 and Christopher $529.75. These expenditures included funds provided by petitioner's husband. At the trial the petitioner offered no documentary evidence of her payments for the support *235 of her three children in excess of amounts included in the stipulated payments. Petitioner's testimony consisted of estimates of expenditures. These estimated amounts were $140 for furniture, $35 per week for groceries and $500 per child for clothing. In the case of clothing, other than items stipulated to by the parties in the amount of $51.84, 400 there was no description of any specific article of clothing purchased for any child; no sales receipts for such articles of clothing as coats, suits, dresses or shoes were produced. A mere assertion that a lump sum was expended for an item such as clothing is not sufficient to provide the clear preponderance of the evidence required if the petitioner is to sustain her burden of showing error in respondent's determination. Allen F. Labay, 55 T.C. 6 (1970), on appeal (C.A. 5). Since it is agreed that Charles paid more than $1,200 in the taxable year for the support of the children, petitioner, under section 152(e) (2)(B)(ii), had a heavier than usual burden of proof. The respondent argues that the clothing costs for each child were not in excess of $100. We believe that the clothing costs were greater than the $100 per *236 child as urged by respondent, but less than the $500 per child urged by the taxpayer. We find that the clothing costs for the children in that year were: Lorraine, $200; Karen, $150; and, Christopher, $150. [2]Cohan v. Commissioner of Internal Revenue, 39 F. 2d 540 (C.A. 2, 1930).
Petitioner also claimed that she had made expenditures for transportation but she made no estimate of the actual amount spent for transportation. She also testified that she purchased school lunches but did not establish the specific amount spent for such purposes nor the amount spent on each child during the taxable year. From the petitioner's testimony it is clear that she did not maintain sufficient records to establish the expenditures she claimed for the support of the *237 three children. Based on our examination of the record we conclude that the following expenditures were made on behalf of the children: Item
Lorraine
Karen
Christopher
Support - per stipulation
$ 426.75
$ 481.75
$ 529.75
Furniture
7.00
7.00
7.00
Food
388.05
388.05
388.05
Lodging
300.00
300.00
300.00
Clothing 200.00
150.00
150.00
$1,321.80
$1,326.80
$1,374.80
Less: Support by husband 700.00
700.00
700.00
Support by petitioner $ 621.80
$ 626.80
$ 674.80
Accordingly, we hold that petitioner's claims for three dependency exemption deductions under section 151 must be disallowed because she failed to clearly establish that she provided more support for each child than Charles, as required by section 152(e)(2)(B)(ii). Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the Respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. We note that statistics prepared in the United States Department of Agriculture on the cost of raising a child in the South in 1967 parallel our findings. See United States Department of Agriculture, Agriculture Research Service, COST OF RAISING A CHILD, talk by Jean L. Pennock, Consumer and Food Economics Research Division at the 47th Annual Agricultural Outlook Conference, Washington, D.C., February 18, 1970.↩